DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Matthew Kintyhtt, has appealed from his convictions and sentence. This Court affirms.
 I. {¶ 2} On February 14, 2005, Appellant was indicted in Case No. 05-CR-0088 on one count of theft of a credit card, in violation of R.C. 2913.02, a felony of the fifth degree. On March 16, 2005, Appellant was indicted in Case No. 05-CR-0058 on two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), felonies of the first degree; four counts of theft from persons over the age of 65, in violation of R.C. 2913.02, felonies of the fourth degree; and one count of falsification, in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree. On June 15, 2005, Appellant was indicted in Case No. 05-CR-0243 on an additional four counts of aggravated robbery, felonies of the first degree, each carrying a specification that Appellant had used, displayed, brandished, had about his person or indicated that he possessed a firearm while committing the offense.
 {¶ 3} On September 8, 2005, Appellant withdrew his previously entered not guilty plea and entered a guilty plea to the theft of a credit card offense in Case No. 05-CR-0088. The court imposed a one-year sentence. At this time, Appellant executed a form indicating that the plea was made on the understanding that his one-year sentence would run concurrently with his other sentences.
 {¶ 4} In addition, he entered a change of plea in Case No. 05-CR-0058, pleading guilty to two counts of aggravated robbery. He again executed a form indicating that this plea was entered into on the understanding that he would be given a ten-year sentence on each count of aggravated robbery and that these sentences would be served concurrently, but consecutive to the sentence imposed in Case No. 05-CR-0243. In exchange for Appellant's guilty pleas, the State agreed to drop the four theft counts and the falsification charge.
 {¶ 5} At the same hearing, Appellant withdrew his previously entered not guilty plea and entered a guilty plea in Case No. 05-CR-0243 to four counts of aggravated robbery and one gun specification. In exchange, the State dropped three gun specifications. Appellant again executed a form signifying his comprehension of the plea agreement. Appellant acknowledged that he was sentenced to three years on the four counts of aggravated robbery, which would be served concurrently with each other, but consecutive to the sentence imposed in Case No. 05-CR-0058. In addition, Appellant agreed to a mandatory three-year sentence on the firearm specification which would be served consecutive to the sentences imposed in 05-CR-0243 and 05-CR-0058. The entire sentence was to be served concurrently with the sentence imposed in Case No. 04-CR-0352.[1]
 {¶ 6} The trial court found that Appellant's pleas were voluntarily made and with a full understanding of the consequences; accordingly, the trial court accepted Appellant's guilty pleas. Appellant was subsequently sentenced to a total term of 16 years incarceration.
 {¶ 7} On September 22, 2005, Appellant filed a pro se notice of appeal of his conviction entered on September 8, 2005. The Notice was filed without a docketing sheet but with a motion to appoint counsel. On September 28, 2005, the trial court appointed counsel to handle the appeal. On January 30, 2006, Appellant's counsel filed an Anders[2] brief in this Court and requested permission to withdraw as Appellant's counsel. Appellant was served with a copy of his counsel's brief to this Court and this Court afforded Appellant the opportunity to raise arguments after review of the Anders brief. Appellant has not responded to his counsel's Anders brief.
 II. ASSIGNMENT OF ERROR I
"APPELLATE COUNSEL IS UNABLE TO FIND ERROR IN THE RECORD AND BELIEVES THE APPEAL IS `WHOLLY FRIVOLOUS.'"
 {¶ 8} In accordance with Anders, supra, Appellant's counsel has asserted that he is unable to find any issue upon which to argue error below. We agree.
 {¶ 9} Upon our own full, independent examination of the record before this Court, we find that there are not appealable, non-frivolous issues in this case. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2.
 III. {¶ 10} We affirm the judgment of the Wayne County Court of Common Pleas. Appellate counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Carr, J. concur.
[1] Case No. 04-CR-0352 was a prior case in which Appellant pled guilty to burglary, a felony of the third degree and receiving stolen property, a felony of the fifth degree. Appellant had been sentenced on those offenses to two years incarceration.
[2] Anders v. California (1967), 386 U.S. 738.